ARDC No. 6209658

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| MICHAEL JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. |
| | ) |
| AMAZON.COM LLC, a Delaware | ) |
| Corporation; DUKE REALTY SERVICES, | ) |
| LLC, an Indiana Corporation; and STEEL | ) |
| KING INDUSTRIES, INC., a Wisconsin | ) |
| Corporation, | ) |
| | ) |
| Defendants. | ) |

### COMPLAINT AT LAW

NOW COMES the Plaintiff, MICHAEL JOHNSON, by and through his attorneys, O'CONNOR & NAKOS, LTD. and pursuant to this Complaint at Law, states the following against the above-named Defendants, AMAZON.COM LLC, DUKE REALTY SERVICES, LLC and STEEL KING INDUSTRIES, INC.

### JURISDICTION AND VENUE

1. This is a personal injury case. The Plaintiff has brought negligence claims pursuant to Illinois common law.

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1332; as the amount in controversy exceeds $75,000.00, and the parties are citizens of different states.

3. The acts and omissions giving rise to Plaintiff's claims occurred at Defendant, AMAZON.COM LLC's warehouse located at or near 2865 Duke Parkway, Aurora, Illinois, and

therefore, pursuant to 28 U.S.C. §1391(b), the appropriate venue for this action is the United States District Court for the Northern District of Illinois, Eastern Division.

## IDENTIFICATION OF PARTIES

4. Plaintiff, MICHAEL JOHNSON, is a resident of the State of Illinois and the United States.

5. Defendant, AMAZON.COM LLC, is a Delaware Limited Liability Company and is a citizen and resident of the State of Washington and the United States. Its members are 1) Scott Farrington, who as of June 8, 2017 and June 12, 2017, is a citizen and resident of the State of Washington and the United States; 2) Michael Miller, who as of June 8, 2017 and June 12, 2017 is a citizen and resident of the State of Washington and the United States; and 3) Sean Patterson, who as of June 8, 2017 and June 12, 2017, is a citizen and resident of the State of Washington and the United States.

6. Defendant, DUKE REALTY SERVICES, LLC, is an Indiana Limited Liability Company and is a citizen and resident of the State of Indiana and the United States. Its sole member, Duke Realty Corp., as of June 8, 2017 and June 12, 2017 is an Indiana corporation and is a citizen and resident of the State of Indiana and the United States. Duke Realty Corp.'s principal place of business in Indianapolis, Indiana.

7. Defendant, STEEL KING INDUSTRIES, INC., is a Wisconsin corporation and as of June 8, 2017 and June 12, 2017, is a citizen and resident of the State of Wisconsin and the United State. Defendant, STEEL KING INDUSTRIES, INC.'s, principal place of business is Stevens Point, Wisconsin.

## FACTS COMMON TO ALL CLAIMS

8. On and before May 15, 2017, Defendant, AMAZON.COM LLC ("AMAZON") was an internet retailer. Defendant, AMAZON, owns and operates various warehouses out of which it conducts business.

9. On and before May 15, 2017, Defendant, AMAZON possessed, operated, managed, maintained, designed, inspected, planned and controlled or had a duty to possess, operate, manage, maintain, design, inspect, plan and control the property located at or near 2865 Duke Parkway, Aurora, Illinois.

10. Upon information and belief, prior to May 15, 2017, Defendant AMAZON hired a general contractor, Defendant, DUKE REALTY SERVICES, LLC ("DUKE") to construct a warehouse on said property. As part of the construction, racks were erected within the warehouse.

11. On and before May 15, 2017, Defendant STEEL KING INDUSTRIES, INC. ("STEEL KING") was a manufacturer of steel racks to be used in manufacturing, assembly, distribution centers, storage facilities, and warehousing. Upon information and belief, Defendant STEEL KING was hired to manufacture, deliver and install steel racks at Defendant AMAZON's warehouse in Aurora, Illinois.

12. On and before May 15, 2017, Lakeside Rack Installers ("Lakeside") provided rack installation services. Lakeside was hired to assist with the installation of the racks at Defendant, AMAZON's warehouse in Aurora, Illinois.

13. On and before May 15, 2017, Plaintiff, MICHAEL JOHNSON, was employed as an ironworker by Lakeside and directed to perform work installing racks at Defendant AMAZON's warehouse located in Aurora, Illinois.

14. On and before May 15, 2017, the work at the warehouse was behind schedule and the Defendants were "pushing" the contractors to perform the work quickly.

15. On and before May 15, 2017, the racks were being erected by Lakeside employees utilizing lifts.

16. On and before May 15, 2017, the racks being erected were top heavy, and posed a significant safety concern if they were not properly secured.

17. On and before May 15, 2017, the safe and proper manner of erecting racks required that the racks be secured onto the concrete floor as soon as they were erected.

18. On and before May 15, 2017, due to the Defendants pushing the work to proceed quickly, the racks were not being secured in a safe and proper manner as they were being erected.

19. On and before May 15, 2017, safety custom and practice required that there be adequate room to operate the lifts so as to not cause the lifts to come into contact with the racks or other structures and materials.

20. On and before May 15, 2017, there was not adequate room for the Lakeside employees to safely operate their lifts.

21. On May 15, 2017, Plaintiff, MICHAEL JOHNSON, was in the lift in furtherance of his work erecting racks. At the same time, another Lakeside employee was operating a second lift to lift a steel member in the immediate vicinity of Plaintiff, MICHAEL JOHNSON.

22. On May 15, 2017 there was not adequate room to safely operate the two lifts, and where the racks were not secured to the concrete in a safe and proper manner.

23. On May 15, 2017, the second lift and/or the steel member contained within the second lift struck a rack, and caused it to collapse onto the Plaintiff, MICHAEL JOHNSON as he

was performing work in his lift, proximately causing serious injury to Plaintiff, MICHAEL JOHNSON.

## COUNT I
## CONSTRUCTION NEGLIGENCE
## AMAZON.COM LLC

24. Plaintiff incorporates by reference all allegations contained in paragraphs 1 through 23 above, as if fully set below.

24. On and before May 15, 2017, Defendant, AMAZON, was in charge of the erection, construction, repairs, alteration, designing, inspecting, planning, coordinating, scheduling, removal and/or upkeep of the warehouse.

25. On and before May 15, 2017, Defendant AMAZON was in charge of the erection, construction, repairs, alteration, designing, inspecting, planning, coordinating, scheduling, removal and/or upkeep of the warehouse.

26. On and before May 15, 2017, Defendant AMAZON was present during the course of such erection, construction, repairs, alteration, removal, and/or painting. Defendant, AMAZON participated in coordinating the work being done and designated various work methods, maintained and checked work progress and participated in the scheduling of the work and the inspection of the work. In addition, thereto, at that time and place, Defendant AMAZON had the authority to stop the work, refuse the work and materials, and order changes in the work, in the event the work was being performed in a dangerous manner or for any other reason.

27. On and before May 15, 2017, Defendant AMAZON had a duty to exercise reasonable care in the erection, construction, placement, or operation of said construction site for the Plaintiff and others then and there working.

28. Notwithstanding its duty, at said time and place, the Defendant, by and through its agents, servants and employees, were then and there guilty of one or more of the following careless and negligent acts and/or omissions:

    (a)    Failed to make a reasonable inspection of the premises and the work being done thereon, when the Defendant knew, or in the exercise or ordinary care should have known, that said inspection was necessary to prevent injury to Plaintiff;

    (b)    Improperly operated, managed, maintained, and controlled the aforesaid premises, so that as a direct and proximate result thereof, the Plaintiff was injured;

    (c)    Failed to provide the Plaintiff with a safe place within which to work;

    (d)    Failed to warn the Plaintiff of the dangerous conditions then and there existing, when Defendant knew, or in the exercise of ordinary care should have known, that said warning was necessary to prevent injury to the Plaintiff;

    (e)    Failed to provide adequate safeguards to prevent the Plaintiff from injury while lawfully upon said premises;

    (f)    Failed to supervise the work being done on the aforesaid premises;

    (g)    Failed to provide adequate room for the installation of the racks; and

    (h)    Failed to ensure that the racks were safely and properly secured into the concrete.

29. That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendant, the Plaintiff was caused to be injured, thereby he sustained severe and permanent injuries, both externally and internally, and was, and will be, hindered and prevented from attending to his usual duties and affairs and has lost, and will in the future lose, the value of that time as aforementioned. The Plaintiff also suffered great pain and anguish; both in mind and body, and will in the future continue to suffer. Plaintiff further

expended and became liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, MICHAEL JOHNSON, demands judgment against the Defendant, AMAZON.COM LLC, a Delaware Corporation, compensatory damages, court costs, and such additional amounts as the jury and the Court shall deem proper.

## COUNT II
## PREMISES LIABILITY
## AMAZON.COM LLC

30. Plaintiff incorporates by reference all allegations contained in paragraph 1 through 23 above, as if fully set below.

31. That on or about May 15, 2017, and for a long time prior thereto, the Defendant, possessed, operated, managed, maintained, designed, inspected, planned and controlled or had a duty to possess operate, manage, maintain, design, inspect, plan and control, both directly and indirectly, individually and through its agents, servants and employees, the aforementioned warehouse.

32. That at the aforementioned time and place and prior thereto, the Defendant, well knowing its duty in this regard, carelessly and negligently caused and permitted said premises to become and remain in a dangerous condition for persons using said premises, although the Defendant, knew, or in the exercise or ordinary and reasonable care should have known, of said dangerous condition.

33. The Defendant was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

  (a) Improperly operated, managed, maintained, and controlled the aforesaid premises, so that as a direct and proximate result thereof, the Plaintiff was injured;

    (b)    Failed to make a reasonable inspection of the aforesaid premises and said racks, when the Defendant knew, or in the exercise or ordinary care should have known, that said warning was necessary to prevent injury to the Plaintiff;

    (c)    Failed to warn the Plaintiff of the dangerous condition of said racks, when the Defendant knew, or in the exercise of ordinary care should have known, that said warning was necessary to prevent injury to the Plaintiff;

    (d)    Failed to provide adequate room for the installation of the racks; and

    (e)    Failed to ensure that the racks were safely and properly secured into the concrete.

34.    That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendant, the Plaintiff then and there sustained severe and permanent injuries, both externally and internally, and was, and will be hindered and prevented from attending to his usual duties and affairs and has lost, and will in the future lose, the value of that time as aforementioned. The Plaintiff also suffered great pain and anguish; both in mind and body, and will in the future continue to suffer. The Plaintiff further expended and became liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, the Plaintiff, MICHAEL JOHNSON, demands judgment against the Defendant, AMAZON.COM LLC, a Delaware Corporation, compensatory damages, court costs, and such additional amounts as the jury and the Court shall deem proper.

### COUNT III
### CONSTRUCTION NEGLIGENCE
### DUKE REALTY SERVICES, LLC

35.    Plaintiff incorporates by reference all allegations contained in paragraphs 1 through 23 above, as if fully set below.

36. On and before May 15, 2017, Defendant DUKE was in charge of the erection, construction, repairs, alteration, designing, inspecting, planning, coordinating, scheduling, removal and/or upkeep of the warehouse.

37. On and before May 15, 2017, Defendant DUKE was present during the course of such erection, construction, repairs, alteration, removal, and/or painting, Defendant DUKE participated in coordinating the work being done and designated various work methods, maintained and checked work progress and participated in the scheduling of the work and the inspection of the work. In addition, thereto, at that time and place, Defendant DUKE had the authority to stop the work, refuse the work and materials, and order changes in the work, in the event the work was being performed in a dangerous manner or for any other reason.

38. On and before May 15, 2017, Defendant DUKE had a duty to exercise reasonable care in the erection, construction, placement, or operation of said construction site for the Plaintiff and others then and there working.

39. Notwithstanding its duty, at said time and place, the Defendant, by and through its agents, servants and employees, as then and there guilty of one or more of the following careless and negligent acts and/or omissions:

    (a) Failed to make a reasonable inspection of the premises and the work being done thereon, when the Defendant, knew, or in the exercise of ordinary care should have known, that said inspection was necessary to prevent injury to Plaintiff;

    (b) Improperly operated, managed, maintained, and controlled the aforesaid premises, so that as a direct and proximate result thereof, the Plaintiff was injured;

    (c)    Failed to provide the Plaintiff with a safe place within which to work;

    (d)    Failed to warn the Plaintiff of the dangerous conditions then and there existing, when Defendant, knew, or in the exercise of ordinary care should have known, that said warning was necessary to prevent injury to the Plaintiff;

    (e)    Failed to provide adequate safeguards to prevent the Plaintiff from injury while lawfully upon said premises;

    (f)    Failed to supervise the work being done on the aforesaid premises;

    (g)    Failed to provide adequate room for the installation of the racks; and

    (h)    Failed to ensure that the racks were safely and properly secured into the concrete.

40.    That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendant, the Plaintiff was caused to be injured, thereby he sustained severe and permanent injuries, both externally and internally, and was, and will be, hindered and prevented from attending to his usual duties and affairs and has lost, and will in the future lose, the value of that time as aforementioned. The Plaintiff also suffered great pain and anguish; both in mind and body, and will in the future continue to suffer. Plaintiff further expended and became liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, the Plaintiff, MICHAEL JOHNSON, demands judgment against the Defendant, DUKE REALTY SERVICES, LLC, an Indiana Corporation, compensatory damages, court costs, and such additional amounts as the jury and the Court shall deem proper.

## COUNT IV
## PREMISES LIABILITY
## DUKE REALTY SERVICES, LLC

41. Plaintiff incorporates by reference all allegations contained in paragraphs 1 through 23 above, as if fully set below.

42. That on or about May 15, 2017, and for a long time prior thereto, the Defendant, possessed, operated, managed, maintained, designed, inspected, planned and controlled or had a duty to possess, operate, manage, maintain, design, inspect, plan and control, both directly and indirectly, individually and through its agents, servants and employees, the aforementioned warehouse.

43. That at the aforementioned time and place and prior thereto, the Defendants, well knowing its duty in this regard, carelessly and negligently caused and permitted said premises to become and remain in a dangerous condition for persons using said premises, although the Defendant, knew, or in the exercise of ordinary and reasonable care should have known, of said dangerous condition.

44. The Defendant was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

    (a) Improperly operated, managed, maintained, and controlled the aforesaid premises, so that as a direct and proximate result thereof, the Plaintiff was injured;

    (b) Failed to make a reasonable inspection of the aforesaid premises and said racks, when the Defendant knew, or should have known, that said inspection was necessary to prevent injury to the Plaintiff;

(c) Failed to warn the Plaintiff of the dangerous condition of said racks, when the Defendant knew, or in the exercise of ordinary care should have known, that said warning was necessary to prevent injury to the Plaintiff;

(d) Failed to provide adequate room for the installation of the racks; and

(e) Failed to ensure that the racks were safely and properly secured into the concrete.

45. That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendant, the Plaintiff then and there sustained sever and permanent injuries, both externally and internally, and was and will be hindered and prevented from attending to his usual duties and affairs and has lost, and will in the future lose, the value of that time as aforementioned. The Plaintiff also suffered great pain and anguish; both in mind and body, and will in the future continue to suffer. The Plaintiff further expended and became liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, the Plaintiff, MICHAEL JOHNSON, demands judgment against the Defendant, DUKE REALTY SERVICES, LLC, an Indiana Corporation, compensatory damages, court costs, and such additional amounts as the jury and the Court shall deem proper.

## COUNT V
## NEGLIGENCE
## STEEL KING INDUSTRIES, INC.

46. Plaintiff incorporates by reference all allegations contained in paragraphs 1 through 23 above, as if fully set below.

47. That on and before May 15, 2017, the Defendant, manufactured, fabricated, packaged, distributed, delivered and/or installed a certain rack system to be used in the erection,

construction, repairs, alteration, designing, inspecting, planning, coordinating, scheduling, removal and/or upkeep of the above-mentioned warehouse.

48. That at all times material to this Complaint, the Defendant had a duty to exercise reasonable care in the manufacture, fabrication, packaging, distribution, delivery and installation of said racking system.

49. Notwithstanding its duty, at said time and place, the Defendant, by and through its agents, servants and employers, was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

(a) Failed to provide proper instructions for the installation of the racks;

(b) Failed to warn the Plaintiff that the racks would collapse and cause serious injury if not properly secured, when the Defendant, knew, or in the exercise of ordinary care should have known, that said warning was necessary to prevent injury to the Plaintiff;

(c) Failed to ensure that the racks were properly secured;

(d) Failed to ensure that there was adequate room for the contractors to install the racks, and/or

(e) Failed to properly supervise the installation of the racking system.

50. That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendant, the Plaintiff was caused to be injured, thereby he sustained severe and permanent injuries, both externally and internally, and was, and will be, hindered and prevented from attending to his usual duties and affairs and has lost, and will in the future lose, the value of that time as aforementioned. The Plaintiff also suffered great pain and anguish; both in mind and body, and will in the future continue to suffer. Plaintiff further

expended and became liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, the Plaintiff, MICHAEL JOHNSON, demands judgment against the Defendant, STEEL KING INDUSTRIES, INC., a Wisconsin Corporation, compensatory damages, court costs, and such additional amounts as the jury and the Court shall deem proper.

## COUNT VI
## CONSTRUCTION NEGLIGENCE
## STEEL KING INDUSTRIES, INC.

51. Plaintiff incorporates by reference all allegations contained in paragraphs 1 through 23 above, as if fully set below.

52. On and before May 15, 2017, Defendant STEEL KING was in charge of the erection, construction, repairs, alteration, designing, inspecting, planning, coordinating, scheduling, removal and/or upkeep of the warehouse.

53. On and before May 15, 2017, Defendant STEEL KING was present during the course of such erection, construction, repairs, alteration, removal, and/or painting. Defendant STEEL KING participated in coordinating the work being done and designated various work methods, maintained and checked work progress and participated in the scheduling of the work and the inspection of the work. In addition, thereto, at that time and place, Defendant STEEL KING had the authority to stop the work, refuse the work and materials, and order changes in the work, in the event the work was being performed in a dangerous manner or for any other reason.

54. On and before May 15, 2017, Defendant STEEL KING had a duty to exercise reasonable care in the erection, construction, placement, or operation of said construction site for the Plaintiff and others then and there working.

55. Notwithstanding its duty, at said time and place, the Defendant, by and through its agents, servants and employees, was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

    (a) Failed to make a reasonable inspection of the premises and the work being done thereon, when the Defendant, knew, or in the exercise of ordinary care should have known, that said inspection was necessary to prevent injury to the Plaintiff;

    (b) Improperly operated, managed, maintained, and controlled the aforesaid premises, so that as a direct and proximate result thereof, the Plaintiff was injured;

    (c) Failed to provide the Plaintiff with a safe place within which to work;

    (d) Failed to warn the Plaintiff of the dangerous conditions then and there existing, when Defendant, knew, or in the exercise of ordinary care should have known, that said warning was necessary to prevent injury to the Plaintiff;

    (e) Failed to provide adequate safeguards to prevent the Plaintiff from injury while lawfully upon said premises;

    (f) Failed to supervise the work being done on the aforesaid premises;

    (g) Failed to provide adequate room for the installation of the racks; and

    (h) Failed to ensure that the racks were safely and properly secured into the concrete.

56. That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendant, the Plaintiff was caused to be injured, thereby

he sustained severe and permanent injuries, both externally and internally, and was, and will be, hindered and prevented from attending to his usual duties and affairs and has lost, and will in the future lose, the value of that time as aforementioned. The Plaintiff also suffered great pain and anguish; both in mind and body, and will in the future continue to suffer. Plaintiff further expended and became liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, the Plaintiff, MICHAEL JOHNSON, demands judgment against the Defendant, STEEL KING INDUSTRIES, INC., a Wisconsin Corporation, for compensatory damages.

By: /s/ Daniel V. O'Connor
One of Plaintiff's Attorneys

DANIEL V. O'CONNOR
MARK C. MURNANE
JEFFREY S. JORDAN
**O'CONNOR & NAKOS, LTD.**
120 N. LaSalle Street, Suite 3500
Chicago, IL 60602
(312) 546-8100
(312) 546-8101 - fax
doconnor@oconnornakos.com
mmurnane@oconnornakos.com
jjordan@oconnornakos.com