043679/01270/MPM/TPB/PAO

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL JOHNSON, <br><br> Plaintiff, <br><br> v. <br><br> AMAZON.COM LLC, a Delaware Corporation; DUKE REALTY LIMITED PARTNERSHIP, an Indiana Partnership; and STEEL KING INDUSTRIES, INC., a Wisconsin Corporation, <br><br> Defendants, <br><br> ---------- <br><br> STEEL KING INDUSTRIES, INC., <br><br> Defendant/Third Party Plaintiff, <br><br> v. <br><br> LAKESIDE RACK INSTALLERS, INC., <br><br> Third Party Defendant. | Case Number 17-cv-7335 <br><br> Judge Ruben Castillo |

### STEEL KING INDUSTRIES, INC.'S MOTION *IN LIMINE* # 31 TO BAR TESTIMONY REGARDING PRIOR LAWSUITS

Defendant, STEEL KING INDUSTRIES, INC., by and through its attorneys, Thomas P. Boylan and Michael P. Moothart of CASSIDAY SCHADE LLP, respectfully moves this Honorable Court *in limine* for an order to exclude testimony regarding whether Steel King Industries, Inc. has ever been involved in litigation, and whether Steel King has been named as a defendant in past cases. Accordingly, Defendant states the following in support of its motion:

1. Pursuant to Federal Rule of Evidence 401, "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.

2. Pursuant to Federal Rule of Evidence 403, "[a] court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403.

3. Testimony regarding whether Steel King has been involved in prior litigation is not a fact of consequence, nor does it make a fact of consequence more or less probable. Further, it would confuse the issue and mislead the jurors, as prior lawsuits are not at issue in this case. Moreover, it would unfairly prejudice the Defendant, as it could cause the jurors to wrongfully infer that the Defendant is more likely to be liable in the instant case, if they have been involved in other litigation. Any probative value would be substantially outweighed by those dangers. As such, this testimony should be excluded.

WHEREFORE, Defendant, STEEL KING INDUSTRIES, INC., moves this Honorable Court *in limine* to exclude testimony by any party regarding whether Steel King has been involved in prior litigation, and for such further relief as the Court deems just and proper.

**GRANTED \_\_\_\_\_ DENIED \_\_\_\_\_ WITHDRAWN \_\_\_\_\_ RESERVED \_\_\_\_\_**

CASSIDAY SCHADE LLP,
/s/ Michael P. Moothart_____
Attorney for Defendant, STEEL KING INDUSTRIES, INC.

Thomas P. Boylan
ARDC No. 6193374

Michael P. Moothart
ARDC No. 6299545
CASSIDAY SCHADE LLP
222 West Adams Street, Suite 2900
Chicago, IL 60606
(312) 641-3100
(312) 444-1669 – Fax
tboylan@cassiday.com
mmoothart@cassiday.com

## **CERTIFICATE OF SERVICE**

      I do hereby certify that on April 15, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

      **/s/ Michael P. Moothart**
Michael P. Moothart
ARDC No. 6299545
Attorney for Defendant, STEEL KING INDUSTRIES, INC.
CASSIDAY SCHADE LLP
222 West Adams Street, Suite 2900
Chicago, IL 60606
(312) 641-3100
(312) 444-1669 – Fax
mmoothart@cassiday.com

9125892 POLSEN;POLSEN

4